UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| VELDA D. WILLOUGHBY, | ) |
| Plaintiff, | ) Civil Action No. 5:08-363-JMH |
| v. | ) |
| MOTORISTS MUTUAL INSURANCE COMPANY, | ) **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on Defendant's Motion for Summary Judgment [Record No. 25]. Plaintiff has responded, stating her objections and making a Motion for Relief under Fed. R. Civ. P. 56(f), arguing that additional time for discovery is necessary before this matter is ready for disposition by means of summary judgment [Record No. 26]. Defendant has replied, in further support of its Motion, and objecting to Plaintiff's Motion for relief under Fed. R. Civ. P. 56(f) [Record No. 27]. Plaintiff has also filed a Motion for Leave to File a Sur-Reply [Record No. 29], to which Defendant has filed a Response [Record No. 31]. In turn, Plaintiff has filed a Reply [Record No. 33] in further support of her Motion for Leave. The Court being sufficiently advised, these motions are now ripe for a decision.

**I.   Motion for Leave to File a Sur-Reply**

After careful consideration of Plaintiff's arguments in support of

her Motion for Leave to File a Sur-Reply and Defendant's objections thereto, the Court has determined that this motion shall be granted and shall order the Clerk to file the tendered sur-reply in the record of this matter. Further, the Court has considered the arguments made in that sur-reply in reaching a decision on Defendant's Motion for Summary Judgment.

**II.  Motion for Relief Under Fed. R. Civ. P. 56(f)**

Fed. R. Civ. P. 56(f) provides that:

> If a party opposing the motion [for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) deny the motion;
>
> (2) order a continuance to enable affidavits to be obtained, depositions;
>
> (3) issue any other just order.

In this instance, Plaintiff has offered no affidavit in support of her request for relief nor, frankly, has she offered any reason that she "cannot present facts essential to justify [her] opposition to the motion." She offers only a conclusory argument that she should be allowed to discover Defendant's internal policies and procedures regarding settlement before this motion is resolved but offers no explanation as to how such evidence would assist her in opposing the Motion for Summary Judgment before this Court. Having been provided with no cognizable reason to deny or continue consideration of the Motion for Summary Judgment, and the Court shall deny Plaintiff's motion

for relief under Fed. R. Civ. P. 56(f).

**III. MOTION FOR SUMMARY JUDGMENT**

    **A.    BACKGROUND**

On July 25, 2007, Defendant Motorists Mutual Insurance Company's (hereinafter, "Motorists") insured, Brandon McCaffery, was involved in an automobile accident with Plaintiff Velda Willoughby. On August 23, 2007, Motorists advised Plaintiff by letter that it would pay her medical bills for her injuries arising from the accident after treatment was completed. Motorists also requested that Plaintiff complete several forms that were necessary in order for it to obtain Plaintiff's medical records, presumably so that Motorists could review any claims for medical expenses that Plaintiff would make.

The next communication between the parties came on September 25, 2007, when attorney Ken Fouts sent a letter to Motorists indicating that he represented Plaintiff and demanded "the insured's policy limits in order to settle [Plaintiff's] claim, assuming your insured does not have significant limits." The letter included no description of the nature of Plaintiff's injuries nor did it include information on her medical treatment or bills.

On October 10, 2007, Plaintiff sent another letter to Motorists which purported to be attached to "several medical records" substantiating the Plaintiff's demand. Neither party has demonstrated to the Court what records were attached to that letter. The Court can reasonably infer, however, that the information was incomplete because,

on October 25 – only fifteen days later – Motorists again requested additional documentation concerning Plaintiff's claims, including medical bills. In fact, Plaintiff offers nothing more than a conclusory statement by counsel in her Response brief that all medical records related to her treatment were attached to her attorney's October 10, 2007, letter, with no mention of bills to support her claim for those services.

In the meantime, on October 22, 2007, Plaintiff filed her Complaint alleging negligence and bad faith against McCaffery and Motorists. On October 25, 2007, Fouts sent a letter advising that he had filed suit on behalf of Plaintiff and, for the first time, identified Plaintiff's injury as a fractured ischium, a bone near the end of her spine. On October 26, 2007, Motorists' agent wrote again to Plaintiff seeking a more complete demand package in order to evaluate her claim, noting that, at that time, it did not know the amount of Plaintiff's medical expenses incurred due to the accident as that information had yet to be provided by Plaintiff to Defendant.

Neither party has provided the Court with any evidence to demonstrate when evidence of Plaintiff's medical expenses, i.e., medical bills, were finally if ever provided to Motorists by Plaintiff. Nonetheless, Defendant explains that it offered policy limits to settle the negligence claim less than two weeks after the July 24, 2008, deposition of a "Dr. Chattha" when Motorists "finally obtain[ed] a 'reasonable basis in law or fact' to support the Plaintiff's demand." [Record No. 27 at 3.] Plaintiff and Motorist's insured, McCaffery,

ultimately reached a settlement agreement on the negligence issue for the limits of the policy, $50,000, sometime on or just before August 18, 2008, at which time counsel forwarded a check in that amount to Plaintiff's attorney.[1]

### B.   STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, "show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  As the moving party, Defendants bear the burden of showing the absence of a genuine issue of material fact as to at least one essential element of Plaintiff's claim.  *See Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).  Plaintiff, as the non-moving party, must then present sufficient evidence from which a jury could reasonably find for her.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).   This Court must then determine "whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."   *Id.* at 251-52.   In making this determination, this Court must draw all reasonable inferences in favor of Plaintiff, as the

---

[1] The only other settlement offer made by Defendant was made "prior to filing suit," according to Plaintiff, at which time Motorists offered to pay %9,000 to Plaintiff at a time when her medical expenses had already exceeded $18,000. [Record No. 26 at 3.] Plaintiff has offered no evidence of this offer, beyond her conclusory assertion that it was made and, the Court gathers, rejected. Importantly, she does not dispute that Defendant had not been provided medical records or medical bills at the time of that offer.

non-moving party. *See Nat'l Enters., Inc. v. Smith,* 114 F.3d 561, 563 (6th Cir. 1997).

**C. DISCUSSION**

**1. Plaintiff's Claim Under KRS § 304.12-230 Fails**

Plaintiff avers that Defendant violated KRS 304.12-230 and, acting in bad faith, failed to settle her claim because Motorists "fail[ed] to promptly settle [the] claim, where liability had become reasonably clear." KRS 304.12-230(6). To pursue a bad faith claim in Kentucky:

> . . . whether common law or statutory, requires [that] Plaintiff establish (1) [Defendant's] obligation to pay; (2) that [Defendant] lacked a reasonable basis for failing to immediately pay; (3) that [Defendant] knew it had no reasonable basis to delay payment or acted in reckless disregard as to whether such a basis existed. *Curry v. Fireman's Fund Ins. Co.,* 784 S.W.2d 176, 178 (Ky. 1989).

*Shepherd v. Unumprovident Corp.,* 381 F.Supp.2d 608, 612 (E.D. Ky. 2005)

The parties do not dispute that Defendant had and recognized as early as August 2007 their obligation to pay something to Plaintiff. There is no evidence, however, that Plaintiff provided any proof or even an estimate of the amount that she believed she should be paid – other than a bald demand for policy limits – at any time until July 2008.[2] Medical records appear to have changed hands along the way, but there is

---

[2] Even so, Motorists has not detailed what information finally prompted their offer of policy limits to settle the negligence action against McCaffery in mid-2008. Neither has Plaintiff. The Court assumes that Plaintiff eventually provided some form of proof of the value of her medical expenses and other losses prior to the settlement of Plaintiff's negligence action against Motorists' insured, for it would be a poor business practice, indeed, to offer payment of policy limits without some evidence of the value of the loss.

no evidence that bills or invoices for those services were included in those materials or ever made their way to Defendant. Plaintiff offers the Court only a non-sequitur argument that following the issuance of a medical report in the course of this litigation on February 20, 2008, which stated that Plaintiff's fractured ischium made it difficult for her to walk and that she might not be a candidate for surgery, "Motorists knew that [Plaintiff's] claim was well in excess of its ... policy limits."[3] [Record No. 26 at 5.] There is no evidence that this report offered any information about the value of Plaintiff's medical expenses or other losses or even an opinion as to the level of her impairment.

The evidence presented by the parties would not permit jurors to reasonably conclude that Defendant had no reasonable basis for failing to immediately pay, not the converse. It was reasonable for Motorists to request information concerning Plaintiff's medical treatment and the

---

[3] Defendant has suggested that the Court should decline to consider Defendant's actions with regard to settlement which took place after the filing of Plaintiff's lawsuit, on the grounds that courts in Kentucky would observe an "absolute prohibition on the introduction of . . . evidence [of post-litigation settlement conduct] in actions brought under KRS 304.12-230," relying on *Knotts v. Zurich Ins. Co.*, 197 S.W.3d 512, 517 (Ky. 2006). [Record No. 27 at 2.] Plaintiff has correctly pointed out that Defendant misstates *Knotts*. The Kentucky Supreme Court stated in that case that "[i]n principle, an insurer's duty to settle should continue after the commencement of litigation." *Knotts*, 197 S.W.3d at 523. Thus, "post-filing conduct may be admissible in a bad faith action" although "such evidence is not automatically admissible."

Thus, Defendant's decision not to offer a sum for the settlement at any juncture during the course of this litigation is relevant to Defendant's ongoing duty to settle. Whether the circumstances surrounding that decision support Plaintiff's averment that Defendant had no reasonable basis to decline to pay is another story.

amount charged for that treatment from Plaintiff rather than immediately paying out the policy limit upon her demand with nothing more. Motorists did not immediately know what Plaintiff's injuries were nor could they determine the extent of her medical expenses or her other losses without information that only Plaintiff (or her healthcare providers) could provide to them. There is no evidence as to when the information on the value of Plaintiff's losses was actually, if ever, provided to Motorists by Plaintiff. That evidence, if it exists, was undoubtedly been in Plaintiff's control, she has had an opportunity to present it here, and she has failed to do so. Accordingly, judgment as a matter of law is appropriate in this instance.

### 2. Plaintiff's Claim Under KRS § 304.12-235 Fails

Plaintiff also alleges that, with regard to settling her claim, Defendant violated KRS 304.12-235, which provides that:

> All claims arising under the terms of any contract of insurance shall be paid to the named insured person or health care provider not more than thirty (30) days from the date upon which notice and proof of claim, in the substance and form required by the terms of the policy, are furnished the insurer.

A violation of this section must be coupled with "evidence of intentional misconduct or reckless disregard of the rights of an insured or a claimant to warrant submitting the right to award punitive damages to the jury." *Whitmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993). As the Court has already determined that Plaintiff cannot demonstrate that Motorists failed to make a good faith attempt to settle under KRS § 305.12-203, it follows that Plaintiff cannot present evidence of

intentional misconduct or reckless disregard from which a reasonable juror could find in her favor on her claim under KRS § 305.12-235.[4] Judgment as a matter of law is due to Defendant, and Plaintiff's claim shall be dismissed.

**IV. CONCLUSION**

For all of the reasons stated above, the Court shall grant Plaintiff's Motion for Leave to File a Sur-Reply, deny Plaintiff's Motion for Relief under Fed. R. Civ. P. 56(f); and grant Defendant's Motion for Summary Judgment.

Accordingly, **IT IS ORDERED:**

(1)   that Plaintiff's Motion for Leave to File a Sur-Reply [Record No. 29] is **GRANTED;**

(2)   that the Clerk shall **FILE** Plaintiff's tendered Sur-Reply in the record of this matter;

(3)   that Plaintiff's Motion for Relief under Fed. R. Civ. P. 56(f) [Record No. 26] is **DENIED;**

(4)   and that Defendant's Motion for Summary Judgment [Record No. 25] is **GRANTED.**

This is the 25th day of September, 2009.

---

[4] As a result, the Court need not reach the issue of whether the Kentucky legislature intended for KRS § 304.12-235 to apply to third-party claimants, not just the "named insureds" and health care providers mentioned in the statute, two groups into which Plaintiff does not fall in this case. *See Wittmer v. Jones*, 864 S.W.2d 885, 891 (Ky. 1993) (declining to reach issue without proof to satisfy threshold issue of insurer's failure "to make a good faith attempt to settle").



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge